# McKinney v. Mechanics' Trust & Savings Bank, et al.

(Decided December 9, 1927.)

## Appeal from McCracken Circuit Court.

1. Corporations.—In absence of provision in articles of incorporation or general law governing corporation stock issued by it for any indebtedness due it by stockholders, or of something therein to put purchaser on inquiry, or unless corporation calls attention to by-law providing therefor by indorsement on stock ·certificate, it has no lien on indebtedness due by stockholder where stock has been pledged to bona fide holder as security for indebtedness.

2. Corporations.—Corporation held not authorized, under Ky. Stats., section 545, to adopt by-law creating lien on stock issued by it for indebtedness due by stockholders as against an innocent holder for value, in that such section has reference merely to way in which stock shall be transferred.

3. Corporations.—Corporation not being authorized by articles of incorporation nor by statute to pass by-law creating a lien on corporate stock for indebtedness due by stockholders, pledgee of stock having no actual notice of such by-law has lien prior to that of corporation.

J. D. MOCQUOT for appellant.

W. F. McMURRY, JR., and BRADSHAW & MacDONALD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

During the year 1925 and for some time prior thereto, T. P. Guedry was the president of and a stockholder in the T. P. Guedry Company, a corporation. He became indebted to the appellee Mechanics' Trust & Savings Bank in the sum of $1,500, and executed to the bank his notes for $1,000 and $500, respectively. As collateral security on the notes, he assigned to the bank 25 shares of stock of the T. P. Guedry Company and signed an agreement authorizing the bank or its assigns, in the event the notes were not paid at maturity, to sell the stock at private or public sale, with or without notice to him, and to apply the proceeds to the payment of the notes. After this transaction the T. P. Guedry Company turned over to the appellant, R. W. McKinney, as liquidating agent, all of its affairs for the purpose of converting its assets into cash, paying its debts, and terminating its corporate existence. There were sufficient assets to pay all of the company's indebtedness, and there are suffi-

cient funds in the hands of appellant, R. W. McKinney, to pay a substantial liquidating dividend to the stockholders of the T. P. Guedry Company. At the time the affairs of the company were turned over to the liquidating agent, T. P. Guedry was indebted to the corporation in the sum of more than $5,000, which was evidenced by notes to the corporation.

This action was instituted in the McCracken circuit court by the appellee, in which it sought judgment against T. P. Guedry for the notes executed by him to it, and also against the appellant, R. W. McKinney, as liquidating agent of the T. P. Guedry Company, for that portion of the funds in his hands representing the liquidation dividend upon the stock originally issued to T. P. Guedry and transferred to and held by the bank as collateral.

One of the by-laws of the T. P. Guedry Company provided:

"The corporation shall have a first lien on all shares of its capital stock and upon all dividends declared upon same for any indebtedness of the respective holders thereof to the corporation."

The appellant, R. W. McKinney, claimed that by virtue of this by-law the T. P. Guedry Company had a lien upon the stock originally issued to T. P. Guedry and assigned by him to appellee bank, and consequently upon that portion of the assets of the company available for distribution on the stock prior to the lien claimed by the bank as pledgee of the stock. By the judgment rendered in the lower court, the bank as pledgee was given the prior lien, and from that judgment the defendant, R. W. McKinney, liquidating agent of the T. P. Guedry Company, has appealed.

It is conceded that the appellee Mechanics' Trust & Savings Bank had no notice of the by-law set out above, and the only question involved on this appeal is whether or not the corporation, by virtue of such by-law, has a prior lien on the liquidation dividend due to T. P. Guedry as a stockholder for the purpose of discharging his indebtedness to the corporation.

The precise question presented has never been before this court, but, in a great majority of other jurisdictions where the question has been considered, the rule, which we deem eminently sound, has been adopted that, in the

absence of a provision either in the articles of incorpora-
tion or the general law governing corporations, to the
effect that the corporation shall have a lien on stock
issued by it for any indebtedness due it by the stockhold-
ers, or in the absence of something in the articles of in-
corporation or the Statutes to put the purchaser upon
inquiry, or unless the corporation protects itself when the
by-laws provide for such a lien by calling attention to
the by-law by an indorsement upon the stock certificate,
it has no lien for indebtedness due it by the stockholder
where the stock has been transferred to a bona fide holder
for value. In some states it is held that a by-law is in-
valid which attempts to create a lien in favor of the cor-
poration upon the shares of its stockholders for debts
due by them to the corporation in the absence of express
authority by statute or the articles of incorporation to
adopt such a by-law. 2 Cook on Corporations, sec. 522;
Driscoll v. West Bradley & Cary Mfg. Co., 59 N. Y. 96.
It is the universal rule that a by-law is invalid as against
an innocent purchaser or pledgee for value, having no
notice, actual or constructive, of its existence. In 1 Flet-
cher on Corporations, p. 1033, it is said:

> "The generally accepted rule would seem to be
> that such third persons are not bound by by-laws not
> expressly authorized by the charter or statute unless
> they have actual knowledge of them."

Also see 14 C. J. 348, sec. 435, and cases therein
cited; 2 Thompson on Corporations (3d Ed.), secs. 1132-
1138; Iowa-Missouri Grain Co. v. Powers, 198 Iowa 208,
196 N. W. 979, 33 A. L. R. 1268.

It is vigorously argued for appellant that section 545
of the Kentucky Statutes authorizes corporations to
adopt by-laws such as the one in question, and, that by
virtue of this section of the Statutes, persons dealing with
stockholders are charged with notice and placed upon
inquiry as to whether such by-law has been adopted. Sec-
tion 545 is as follows:

> "The shares of stock shall be transferred on the
> books of the corporation in such manner as the by-
> laws thereof may direct, and every person becoming
> a stockholder by such transfer shall, in proportion
> to his shares, succeed to all the rights and liabilities
> of prior stockholders."

This section has reference merely to the way in which stock shall be transferred and does not impliedly confer authority on the corporation to attach to stock a lien in its favor, especially as against an innocent holder for value, and clearly it was not intended to charge the purchaser or pledgee of stock with the individual liability of the transferrer. In Driscoll v. West Bradley & Cary Mfg. Co., supra, a by-law of the corporation provided that no stock should be transferred on the books of the corporation, while the person in whose name the stock stood was indebted to the corporation and the by-law was held invalid, although a statute of New York provided for the enactment of by-laws by a corporation for the transfer of its stock. The court said:

"We conclude that the defendant got no power to make its by-laws from the Revised Statutes, unless it is contained in the power to make a by-law for the transfer of its stock. On the simple reading of this clause, we do not think that there appears in it a power to prohibit the transfer of stock; rather it seems to give power to direct the manner in which the stock shall be transferred. . . . We think that it is entirely safe to say, that the terms of this provision do not give express power to the defendant to enact such a by-law as that here relied on. Certainly the power is not specified therein, nor do we think that the existence of the power can be implied therefrom."

See 1 Fletcher on Corporations, sec. 515.

We are of the opinion that authority to make a by-law giving a lien to a corporation upon its stock for a stockholder's indebtedness to it cannot be implied from section 545 of the Statutes.

It follows that the T. P. Guedry Company not being authorized by its articles of incorporation nor by statute to pass the by-law relied on, the appellee, having no actual notice of it, has a lien prior to the lien of the corporation.

Judgment affirmed.