DELOS L. MCDONALD, Appellant, v. FARLEY & LOETSCHER MANUFACTURING COMPANY et al., Appellees.

No. 44465.

**54**

JANUARY 10, 1939.

REHEARING DENIED MAY 5, 1939.

Kenline, Roedell & Hoffmann, for appellant.

Smith & O'Connor, for appellees.

STIGER, J.—The Consolidated National Bank of Dubuque, Iowa, in receivership, was the owner of 311 shares of special stock of defendant corporation. This stock was investment non-voting stock. The articles of incorporation contain the following provisions:

"No transfer of Special Stock shall be valid, until ten days after the Company, through its Secretary, shall have had written notice of the proposed sale, the number of shares proposed to be sold, the price at which the proposed sale is to be made, and the name of the prospective buyer; and during said ten days, the Company shall have the sole option to buy the said shares at the price named. The Company shall also have the option to buy, at its book value any shares of outstanding Special

Stock whenever its owner or the person in whose name it stands on its books, is not an employee of the Company.''

The above restraint on the sale of the stock was printed on the certificates for shares of the special stock. Under the provisions of the Federal Statute, 12 U. S. C. A. §192, the receiver of the National Bank was required to take possession of the assets and upon the order of a court of record of competent jurisdiction to sell all the real and personal property on such terms as the court shall direct. The receivership was administered in the district court of Iowa in and for Dubuque county. The receiver applied to the court for authority to sell the special stock and an order was entered authorizing and directing him to sell it for the best price obtainable subject to the approval of the comptroller of the currency and without further order of the court. Pursuant to this order and the approval of the comptroller, the receiver sold the said 311 shares of stock to the plaintiff. In making the sale, the receiver did not comply with the restrictive provisions of the articles.

Plaintiff presented his stock certificates to defendant with a formal request to transfer them upon its books and to issue a new certificate to him. The defendants refused the request and thereupon plaintiff instituted this action.

The defendants pleaded the failure of the receiver to comply with the restrictions in the sale of the stock to the plaintiff. Plaintiff filed a reply alleging that the restriction is unenforceable because of unreasonable, not reasonably exercised, not applicable to a judicial sale nor subject to collateral attack. The reply also pleaded waiver and estoppel.

Code section 8341 provides that corporations have the power to render the interests of stockholders transferable.

In the case of Mason v. Mallard Telephone Company, 213 Iowa 1076, 240 N. W. 671, the court, in construing this section, held that a corporation, in making the interests of stockholders transferable, might place reasonable restrictions upon the transferability of the stock. The articles of incorporation of the defendant telephone company provided that shares of stock may be transferred from one owner to another but no transfers were binding upon the company until approved by the secretary and as to new stockholders it was specifically provided that proposed new stockholders must first be recommended by two directors.

The court held that the corporation was entitled to reasonable protection in the matter of admitting new members and in the manner in which its stock might be transferred and the restrictions were not violative of the statute or public policy.

Provisions in articles of incorporation requiring stockholders, before selling to outsiders, to give the corporation an opportunity to purchase are generally held to be valid. In re Laun, 146 Wis. 252, 131 N. W. 366; Dempster Manufacturing Company v. Downs, 126 Iowa 80, 101 N. W. 735, 106 Am. St. Rep. 340, 3 Ann Cas. 187; 12 Fletcher Cyc., Corporations, Perm. Ed., sections 5453-5454, pages 211-219; Casper v. Kalt-Zimmers Manufacturing Company, 159 Wis. 517, 149 N. W. 754, 150 N. W. 1101; Lawson v. Household Finance Corporation, 17 Del. Ch. 343, 152 A. 723.

The reason often given for approving such restrictions on the alienability of stock is that the personal element is important in the management of a corporation and they serve to protect it from the acquisition of shares of its stock by persons who would use it against the interests of the company.

We stated in Mason v. Mallard Telephone Company, 213 Iowa 1076, 240 N. W. 671, that [page 1087 of 213 Iowa, page 675 of 240 N. W.]:

"The law recognizes the right of stockholders in organizing a corporation to protect themselves against invasion by parties who buy stock mainly for the purpose of 'boring from within'."

Appellant contends that the reason for the rule is applicable only to voting or management stock and that the restriction is invalid as applied to nonvoting or investment stock.

The requirement that the defendant corporation be given the opportunity of purchasing its investment stock was manifestly for the benefit of the corporation and its stockholders and also for the benefit of its employees.

John A. Loetscher, president of the defendant corporation, testified as to the purpose of the provisions as follows:

"Yes, we considered the matter before the Board of Directors at that time, and before Mr. J. M. Burch, Sr., and thought it was especially beneficial for the employees, and I was particularly interested in having some of the men in the

office and also our salesmen interested in the stock, and had in mind that it would increase their interest in our business."

We perceive of no reason why a reasonable limited restriction on the free alienation of stock should not be valid as to investment stock as well as voting stock. Section 8341 applies to all stockholders and the source of the restriction in this case is in the statute, as construed by this court, and the articles of incorporation. Limited restrictions are upheld primarily because they are for the benefit of the corporation, promote good management, and enable it to attain its legitimate objectives. The restriction in the articles of incorporation of the defendant permits it to participate in the benefits to accrue from the ownership of investment stock and gives its employees an opportunity to own the stock, which ownership tends to increase the interest of the employees in and their loyalty to the corporation. Ownership of such stock by the corporation and its employees, in the discretion of the corporation, may evidence sound business management. We hold that the restriction on the sale of the special stock was valid.

II. Appellant also attacks the restriction on the ground that it cannot be applied to a transfer by a receiver of a national bank made pursuant to an order of a court of record of competent jurisdiction because such transfer is a judicial sale.

The general rule is that a covenant against the assignment of a lease without the owner's consent applies to voluntary assignments and does not include transfers or assignments by operation of law, as transfers in bankruptcy and other transfers in the interest of creditors or lien holders, as, for example, execution sales and receiver's sales. Gazlay v. Williams, 210 U. S. 41, 28 S. Ct. 687, 52 L. Ed. 950; Fleming v. Fleming Hotel Company, 69 N. J. Eq. 715, 61 A. 157; Pappas v. Broad & East Jersey Realty Co., 103 N. J. L. 704, 137 A. 417; Miller v. Fredeking, 101 W. Va. 643, 133 S. E. 375, 46 A. L. R. 842; In re Estate of Owen, 219 Iowa 750, 259 N. W. 474; Blank v. Independent Ice Co., 153 Iowa 241, 133 N. W. 344, 43 L. R. A. (N. S.) 115.

In the case of Gazlay v. Williams, supra, the court states [210 U. S., at page 47, 28 S. Ct., at page 688, 52 L. Ed., at page 953]:

"The passage of the lessees' estate from Brown, the bank-

rupt, to Williams, the trustee, as of the date of the adjudication, was by operation of law, and not by the act of the bankrupt, nor was it by sale. The condition imposed forfeiture if the lessee assigned the lease or the lessees' interest should be sold under execution or other legal process with lessor's written consent.

"A sale by the trustee for the benefit of Brown's creditors was not forbidden by the condition and would not be in breach thereof. It would not be a voluntary assignment by the lessee, nor a sale of the lessee's interest, but of the trustee's interest, held under the bankruptcy proceedings, for the benefit of creditors."

In the case of Fleming v. Fleming Hotel Company, 69 N. J. Eq. 715, 61 A. 157, supra, the insolvent hotel company owned the lease to the hotel building. The receiver continued to occupy the building and operated the hotel. The owner of the property filed a petition requiring the receiver to surrender the property to him on the ground that because of the insolvency of the company the receiver had no interest in the lease and any sale of the leasehold interest by him would be in violation of the covenant not to assign the lease without the written consent of the owner. The court, in rejecting the contention of the lessor, said [page 158]:

"I take it to be well settled that a covenant not to sell or assign the lease is not broken where the assignment is by operation of law, and that an assignment of this lease by the receiver as the agent of the law, to a purchaser of the leasehold interest, would not work a forfeiture. That the covenant under consideration only applies to voluntary sales, and is not subject to forfeiture unless the proceedings at law under which the leasehold interest is disposed of were voluntary and collusive, with a view to defraud the landlord of his rights, is well supported by the authorities."

In the case of In re Estate of Owen, supra, it is held that a sale of a lease of realty by the administrator of an insolvent estate made pursuant to an order of the probate court was valid notwithstanding that the lessee covenanted that neither he nor his legal representatives would assign the lease without the written consent of the lessor, said lease containing no provision

specifically making the restrictions applicable to a sale or assignment by operation of law.

Justice Hamilton, speaking for the court, states on page 764 of 219 Iowa, page 481 of 259 N. W.:

"Under the lease in the instant case, had the lessee, during his lifetime, been adjudged a bankrupt or had a judgment creditor levied upon and sold this lease, in either event under the better weight of authority the covenant in this lease would not have been broken. In such event, it would have been an act by operation of law, there being no express, specific words especially applicable in the lease against involuntary assignments."

In the case of Blank v. Independent Ice Company, 153 Iowa 241, 133 N. W. 344, 43 L. R. A. (N. S.) 115, the court states [page 248 of 153 Iowa, page 346 of 133 N. W.]:

"But there is a clear distinction between the voluntary assignment of such a contract [option contract] and an assignment by the court for the purpose of protecting the creditors of an insolvent estate. * * *. If an option has, in fact, a value, we see no sound reason why it may not be sold and assigned under order of the court for the benefit of the creditors of an insolvent estate, even though it may not ordinarily be assigned by the party to whom it was originally given."

In the case of Barrows v. National Rubber Company, 12 R. I. 173, the plaintiff purchased at sheriff's sale under an execution all the shares which the judgment debtor owned in the defendant corporation. Plaintiff brought suit to compel the defendant corporation to transfer the stock to him. Defendant resisted the suit claiming a pre-emption to the stock under its charter which contained the following provisions:

"But no stockholder shall sell his or her stock, or any portion of the same, without first giving the corporation the refusal of the same for ten days at the price he is willing to sell."

The court held that the clause in the charter referred only to voluntary sales by a stockholder and did not apply to a sale under execution.

In Francis v. Ferguson, 246 N. Y. 516, 159 N. E. 416, 55 A. L. R. 982, the lease contained a covenant against an assignment without the landlord's consent and it further provided that

all covenants were binding on the parties and their legal representatives. It was held that the said provisions in the lease did not prohibit the executors of the lessee from transferring the lease which was made binding on the personal representatives only in general terms. The lease did not explicitly restrict the assignment by the executors in the ordinary course of administration. The court states [page 417]:

"On the death of the tenant, his property was transferred to the executors of his will by operation of law. They had capacity to take and to dispose of it. If it had been the intention of the parties that the personal representatives of the tenant should not dispose of the lease as assets of the testator, the provision against assignment should have been directed to the particular fact. The duty of executors requires them to administer and settle the estate with due diligence. To interfere with the ordinary course of administration and compel them to hold the leased premises until the expiration of the term, something more than casual general words without meaning should appear." See Squire v. Learned, 196 Mass. 134, 81 N. E. 880, 11 L. R. A. (N. S.) 634, 124 Am. St. Rep. 525, 12 Ann. Cas. 977.

■ We are of the opinion that the rule that restrictions on the sale or assignment of leases apply only to voluntary sales and do not apply to transfers by operation of law in the absence of a specific provision, is applicable to restrictions on the sale of corporate stock. As shown by the above cases, restrictions on the assignment of a lease without the consent of the owner are not favorites of the law and are very strictly construed. Likewise, restraints on the powers to transfer shares of stock are regarded with disfavor and must be strictly construed. 12 Fletcher Cyc. Corporations, Perm. Ed., section 5453; 14 C. J. 665.

■ In the restriction before us there is no restrictive provision making it applicable to transfers by operation of law. This court has recognized the distinction between voluntary assignments of contracts containing restrictive provisions and transfers of such contracts made by operation of law in the interest of creditors.

Upon the insolvency of the Consolidated National Bank, the receiver was appointed by the comptroller to wind up its affairs. He held the assets as trustee for creditors, etc.

A sale of assets of an insolvent national bank made in obedi-

ence to an order of court of record of competent jurisdiction is a judicial sale. Schaberg's Estate v. McDonald, 60 Neb. 493, 83 N. W. 737; Love v. Allard, Texas Civ. App., 286 S. W. 581.

The stock passed to the receiver by operation of law and the sale to the plaintiff was not voluntary but a sale of the interest of the receivership in the stock, made in the performance of the duty of the receiver to wind up the corporate affairs.

We hold that the restriction does not apply to the sale of the stock to the plaintiff, and he was entitled to the relief demanded. Reversed and remanded for decree in harmony with this opinion.—Reversed and remanded.

RICHARDS, BLISS, MILLER, SAGER, and OLIVER, JJ., concur.