United States Court of Appeals District of Columbia.

Argued Dec. 6, 1944.

Decided Jan. 29, 1945.

Mr. Leon Tobriner, of Washington, D. C., for appellant.

Mr. Levi H. David, of Washington, D. C., for appellee Cecelia Stern.

Mr. Hymen Stern, pro se.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The question is whether the following corporate by-law prevents a stockholder from disposing of his stock by will: "The stock of this company shall be deemed personal property and shall only be transferred in the following manner, and not otherwise, that is to say, it shall first be offered to the corporation, and in the event the corporation shall not within five days from the date of said offer agree to purchase the same, then it shall be offered to the stockholders of the corporation, and if none of said stockholders agree to purchase the same within five days from the date of said offer, the holder of said stock is then privileged to sell the same. The purchaser or purchasers of said stock sold as aforesaid shall likewise be bound by this condition and shall be required to comply with the same before the stock may be transferred and assigned upon the books of this company." We agree with the District Court in answering the question in the negative. The requirement that stock shall first be offered to the corporation and then to the stockholders before it is transferred obviously means that the stockholder must make these offers before he voluntarily transfers his stock, not that he must make them before he dies. The by-law does not apply to the situation which arises when, because of a stockholder's death, transmission or devolution of his shares is inevitable. We need not consider whether, in its intended application to a voluntary transfer, the by-law is sufficiently definite for enforcement and is valid; cf. Uniform Stock Transfer Act, made applicable in the District of Columbia by Act of Congress of Dec. 23, 1944, c. 729, Sec. 15, 58 Stat. 930.

Affirmed.