C. W. Elson, appellant, v. Security State Bank of Allerton, a corporation, appellee.

No. 48572.

(Reported in 67 N.W.2d 525)

December 14, 1954.

Rehearing Denied February 11, 1955.

Garrett & Bown, of Corydon, and W. B. Hays, of Centerville, for appellant.

Elton A. Johnston and William H. Miles, both of Corydon, for appellee.

HAYS, J.—Law action, tried to the court without a jury, for the conversion of five shares of stock in defendant-bank. The trial court dismissed plaintiff's petition and he has appealed.

Jessie E. Hinkle, now deceased, was the record owner of five shares of stock of the Security State Bank of Allerton, Iowa. Article 10 of the bank's by-laws provided:

"No transfer of stock * * * shall be made to any person not already a stockholder until notice of such wish to transfer be given to a meeting of the Board of Directors and the same regularly recorded in the minutes of said meeting. Furthermore, at least one week's time after said meeting must be given before making such transfer, and if, during this time any stockholder shall offer in writing * * * to take said stock at as high a price as any outsider may have offered, said stock must be sold within the corporation * * *."

During all of the time material here the by-laws were posted in a conspicuous place in the bank, as required by section 491.44, Codes, 1946, 1950. The five shares of stock were assets of the estate of Jessie E. Hinkle, deceased, of which Hazel A. Ogden was executrix. Plaintiff was the attorney having charge of the probate of the estate. No claim is made that either the executrix or plaintiff complied with by-law No. 10. However, in June 1949, plaintiff told the cashier of the bank that this stock was to be sold, in order to close the estate, and asked him to provide a buyer. Thereafter one of the directors of the bank discussed the sale of the stock with plaintiff, but no agreement was reached as to the price. In December 1949 plaintiff purchased the stock for the sum of $120 per share and received an assignment there-

of from the executrix. He immediately took the shares to the bank and asked that they be recorded in his name, which was refused. In May 1953 this action was commenced, in which $1800 in damages was asked.

Defendant in its answer and in a motion during the trial tendered plaintiff $600 for the stock and also an additional $50 for a dividend that had been declared in December 1950. It appears that the stock was transferred by the bank in 1951 to other parties, presumably stockholders. The issue before the court was the effect of by-law No. 10, as a defense to the alleged conversion.

Among various errors assigned, plaintiff states: "The court erred in holding by-law No. 10 was legal and applied to and governed the facts in this case." This assignment is a twofold proposition: (1) legality of the by-law as a legal proposition, and (2) its applicability, assuming legality, to the instant case.

I. Is by-law No. 10 legal, as a general proposition? The trial court held it was and we agree. Appellant cites many cases, most of them being from other jurisdictions, in support of his claim that such a by-law is illegal as being in restraint of trade. These cases, including Farmers & Merchants Bank of Lineville v. Wasson, 48 Iowa 336, cited by appellant, are instances where the by-law in question was a prohibition against transfer to an outsider and are not in point.

By-law No. 10 does not attempt to prohibit the transfer of the stock by the owner. It does provide that when the owner wishes to sell he shall give to existing stockholders, for a limited time, the option to purchase at the price he has been offered by an outsider. If no such offer is made by the stockholders he is free to sell to whom he pleases. Such a provision is deemed to be a reasonable regulation and is by the great weight of authority, including Iowa, held to be valid. Des Moines Nat. Bk. v. Warren County Bk., 97 Iowa 204, 66 N.W. 154; Mason v. Mallard Tel. Co., 213 Iowa 1076, 240 N.W. 671; McDonald v. Farley & Loetscher Mfg. Co., 226 Iowa 53, 283 N.W. 261; 12 Fletcher Cyc. Corporations, Perm. Ed., sections 5453, 5454; annotations 65 A. L. R. 1151, 1168, 138 A. L. R. 647, 648, 22 A. L. R.2d 12, 24. We hold by-law No. 10 to be a reasonable regulation and, as a general proposition, to be valid.

II.   Is by-law No. 10 applicable to the instant transaction?

Nowhere in the record does it appear that appellant argued other than that the by-law was illegal as being in restraint of trade.  The trial court held it to be legal and a defense to the alleged conversion.  (All parties seem to agree that, but for by-law No. 10, the refusal of the bank to transfer the stock constituted a conversion thereof by the bank.  See Dooley v. Gladiator Consol. Gold Mines & Milling Co., 134 Iowa 468, 109 N.W. 864, 13 Ann. Cas. 297.)  In his brief appellant cites no authority and makes no argument as to the applicability of the by-law to the instant case, assuming its legality.  However, the petition alleges a conversion.  The defense is that by-law No. 10 constitutes a defense.  No fact question is involved, simply a legal one for the court to determine before a jury, in this case the court, would give consideration to the assessment of damages. The question of by-law No. 10 as a legal defense to the alleged conversion was before the trial court and is before this court, even though not argued as such.

In this state the right to dispose of property by will and the designation of those who inherit in case of intestacy are entirely statutory.  In re Estate of Fitzgerald, 223 Iowa 141, 272 N.W. 117.  In either event the transmission or devolution of a decedent's property is inevitable and solely by operation of law.  As said in In re Estate of Lee, 240 Iowa 691, 697, 37 N.W.2d 296, 299, "Property of a decedent in the hands of his executrix prior to settlement of the estate is in custodia legis for distribution as provided by statute."  See also Powell v. McBlain, 222 Iowa 799, 269 N.W. 883.

In the McDonald case, supra, we said that provisions like in the instant case, being in restraint of free transfer, must be strictly construed.  In that case the provision was in the company's Articles of Incorporation and was in effect identical to by-law No. 10.  A National Bank, in receivership, was the owner of stock in the company.  It was sold by the receiver to plaintiff who requested the bank to transfer it to his name, which was refused.  An action of mandamus was brought to compel the transfer.  It was denied by the trial court, and on appeal this court reversed, holding plaintiff to be entitled to the relief asked.

At pages 60 and 61 of 226 Iowa, 265 of 283 N.W., we said: "In the restriction before us there is no restrictive provision making it applicable to transfers by operation of law. This court has recognized the distinction between voluntary assignments of contracts containing restrictive provisions and transfers of such contracts made by operation of law in the interest of creditors. * * *The stock passed to the receiver by operation of law and the sale * * * was not voluntary but a sale of the interest of the receivership in the stock, made in the performance of the duty of the receiver to wind up the corporate affairs."

See also Stern v. Stern, 79 App. D. C. 340, 146 F.2d 870, where it is said: "The requirement that stock shall first be offered to the corporation * * * before it is transferred obviously means that the stockholder must make these offers before he voluntarily transfers his stock, not that he must make them before he dies. The by-law [similar to one in question] does not apply to the situation which arises when, because of a stockholder's death, transmission or devolution of his shares is inevitable." Annotation 7 A. L. R.2d 1240, 1257.

The reasoning and pronouncement in the McDonald case is applicable to and determinative of the instant appeal. We hold that by-law No. 10 does not apply to the instant situation and that the trial court was in error in dismissing plaintiff's petition.

While other alleged errors are assigned, dealing with the admission of testimony and the measure of damages, we do not deem it necessary to discuss them, in view of our pronouncement above. For the reason set forth, the judgment of the trial court is reversed and the cause remanded.—Reversed and remanded.

OLIVER, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.

LARSON, J., concurs in result.

GARFIELD, C. J., and BLISS and THOMPSON, JJ., dissent.

GARFIELD, C. J. (dissenting)—I respectfully dissent because the majority opinion is contrary to countless decisions of this and other courts that a case will not be reversed upon a proposition not argued. See also rule 344(a)(4)(Third), Rules

606

of Civil Procedure, which says, "Errors or propositions not stated or argued shall be deemed waived."

I would affirm.

BLISS and THOMPSON, JJ., join in this dissent.