Robert D. **TAYLOR'S ADMINISTRATOR** (L. W. **Taylor**), et al., Appellants,

v.

T. Guthrie **TAYLOR** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1957.

Rehearing Denied May 24, 1957.

Wilbur Fields, Louisville, for appellant.

Henry E. McElwain, Jr., B. C. VanArsdale, Louisville, for appellee.

STANLEY, Commissioner.

The suit involves the right of the personal representative and the legatee of a deceased stockholder to have two shares of stock in a family corporation transferred on the records of the company to the legatee as the present owner without having first offered to sell the shares to other stockholders. The judgment recites that the amount involved is in excess of $2,500.

The Taylor Trunk Company was incorporated in January, 1929, as the successor of a family partnership. Joseph C. Taylor owned 126 shares and each of two sons, T. Guthrie and Leonard W. Taylor, owned 62 shares, a total issue of 250 shares. The father died about two months after the incorporation, and his stock was divided equally among the two named sons and a third son, Robert D. Taylor. In June, 1934, Robert sold 20 shares of his stock to each of his two brothers and retained two shares. The 40 shares of stock were duly transferred on the record of the corporation and new certificates issued the three parties. These three gentlemen continued to be the only stockholders. The business of the company was conducted by Guthrie and Leonard.

Robert died in 1938. He bequeathed his estate to his widow, Pauline. She, as executrix, closed the administration in due course, but the settlement did not include these two shares of stock, apparently because Mrs. Taylor did not know about them. This may have been due to the fact that Robert had delivered the certificate to his brother Leonard as security for a loan.

In 1953 Leonard W. Taylor qualified as administrator with will annexed of Robert's estate for the purpose of having the stock transferred to Robert's widow, now Pauline Taylor Brittain. Guthrie, as president of the corporation, declined to make the transfer on the records of the company. This suit was instituted by Robert's administrator c. t. a. and the legatee, Pauline T. Brittain, to require the corporation and its president, Guthrie Taylor, to transfer the stock to her. The defendants pleaded noncompliance with a provision of a restriction on the transfer of stock (hereinafter described) contained in the bylaws of the company. Guthrie Taylor entered a counterclaim alleging that Leonard had waived his right to have one of the shares offered to him under that restriction so that he, Guthrie, as the only other stockholder, had an option to acquire both shares. The plaintiffs contended no bylaws had ever been adopted. The trial court ruled that the restriction on the transfer was effective and that the defendants need not transfer the stock until the terms of the restriction had been complied with by Robert's administrator c. t. a. first offering to sell one of the shares to T. Guthrie Taylor and the other to Leonard W. Taylor individually. The counterclaim was dismissed. Leonard W. Taylor, as the personal representative, and Mrs. Brittain, as the legatee, appeal from the judgment. There is no cross-appeal from the order dismissing the counterclaim.

It is not unusual in a closed family organization for the formal or technical requirements in the organization or the management to be loosely observed. So it was here in the matter of adopting bylaws for the corporation. It is quite clear that drafts of bylaws were made, but no entry of adoption of any of them was entered in the corporation records. However, a loose copy of bylaws was kept in the record book. It contained these provisions:

"All Certificates of Stock of the Company shall be transferred only on the books of the Company by the holder thereof in person or by his attorney, subject to the following agreement, notice of which shall be endorsed on back of said Certificates when issued:

"That no transfer or sale of the stock of the Company can be made without first offering said stock for sale to the remaining stockholders at a price of 5% less than the book value of said stock for a period of 60 days upon a pro rata basis of their holdings at the time said offer is made."

■ The chancellor found as a fact that the parties had recognized this bylaw as having been adopted and that it was effective, or, at least, that the provision constituted a mutual agreement. He held as a matter of law that Leonard W. Taylor was estopped to deny the validity or efficacy of the restrictive provisions. A judgment was entered to the effect that the provision restricting the transfer or sale of stock until the option had been given to the stockholders to acquire it was binding, and the defendants did not have to transfer the stock until it had been complied with. We accept the finding of fact of the court as to the practical adoption of the bylaw by the stockholders and the validity of the restriction generally.

■ Our statute, KRS 274.150, (being section 15 of the Uniform Stock Transfer Act) provides "there shall be no restriction upon the transfer of shares" represented by a certificate of stock "by virtue of any bylaws of such corporation, or otherwise, unless * * * the restriction is stated upon the certificate." All of the transactions in this case, however, occurred before the enactment of the statute which impliedly permits restrictions to be placed upon the transfer or sale of stock in a corporation. There was no comparable legislative sanction before the enactment in 1944. See Ky.Stats. section 545; McKinney v. Mechanics' Trust & Savings Bank, 222 Ky. 264, 300 S.W. 631. There is a diversity of authority as to the validity of a bylaw which restricts the right of alienation of corporate stock where there is no statutory authority for it; but the tendency of the courts is to sustain such a restriction. The modern decisions are to the effect that if

the restriction is reasonable and the stock has been accepted with knowledge of it, particularly a provision giving a close corporation or its stockholders an option or opportunity to purchase the stock, it is valid. 13 Am.Jur., Corporations, sections 329, 335, 338; 12 Fletcher on Corporations, sections 5453, 5454, 5456, pp. 215, 218, 221; Cook on Corporations, Vol. 3, section 622c, p. 2206; Annotations, 65 A.L.R. 1159; 117 A.L.R. 1360; 138 A.L.R. 650; 2 A.L.R. 2d 747. See also Annotation, 29 A.L.R.2d 901, relating to the construction and effect of section 15 of the Uniform Stock Transfer Act.

It seems to us that the decision in this case must rest upon the question of the *application* to the transfer of the certificate for two shares of stock to the estate of Robert D. Taylor or his legatee. The terms of the bylaw are that "no transfer or sale of the stock of the company can be made without first offering said stock for sale to the stockholders." There has been no sale. Title passed by operation of law and the will of the shareholder. It is simply a case where the personal representative and legatee seek to have that title, as evidenced by the certificate of stock, recorded or transferred on the books of the company.

In Krebs v. McDonald's Ex'x, Ky., 266 S.W.2d 87, 89, we impliedly recognized the validity and applicability to an estate of a deceased shareholder of a collateral agreement by stockholders that they should severally have the option and right to purchase the shares of any of them who might desire to sell their stock at a price to be evaluated according to a stipulated formula. The contract specifically made it binding upon each party's "heirs, personal representatives, and assigns" and the only question in the case was as to the method of evaluation.

■ We may observe that where a corporation's officers have actual notice thereof they may not ignore the transfer of the corporate stock by a shareholder, and the transferee who has become an actual stock-

holder cannot be denied his legal rights by the officers of a corporation merely because they have failed to transfer the stock on the register or other record. Banco Kentucky Co. v. Weil, 258 Ky. 243, 79 S.W.2d 977; Swaim v. Martin, 302 Ky. 381, 194 S.W.2d 855; cf. Baar v. Fidelity & Columbia Trust Co., 302 Ky. 91, 193 S.W.2d 1011.

■ These observations, or obiter dicta, are to underline the rule of strictly regarding and construing restraints on the right of a stockholder to dispose of his property as he pleases. A provision which has the purpose of preventing stock transfers to outsiders without first giving an opportunity to other stockholders to acquire the stock will be strictly construed and will not be enlarged by implication. 12 Fletcher on Corporations, section 5453, p. 212; Elson v. Security State Bank of Allerton, 246 Iowa 601, 67 N.W.2d 525; Guaranty Laundry Co. v. Pulliam, 198 Okl. 667, 181 P.2d 1007, 2 A.L.R.2d 738.

■ Unlike some restrictions that have come before the courts, the present provision does not undertake to have it apply to the disposition of stock upon the shareholder's death. See Searles v. Bar Harbor Banking & Trust Co., 128 Me. 34, 145 A. 391, 65 A.L.R. 1154; Krauss v. Kuechler, 300 Mass. 346, 15 N.E.2d 207, 117 A.L.R. 1355. The terms of the bylaw of the Taylor Trunk Company seem to be limited to a voluntary sale, although "transfer" and "sale" are stated as alternatives. The use of the word "transfer" looks to a sale and has no natural application to any other disposition. In this case, as stated, there has been no sale of the stock but a devolution of title by operation of law which gives the shareholder the right to bequeath it and his personal representative authority to receive and hold the stock and distribute it to "the persons entitled under the will." KRS 395.230. That statute provides by necessary implication that a corporation whose shares are to be distributed shall transfer the stock.

Upon the authority of several cases cited, it is said in Note 2 A.L.R.2d 754:

"Provisions which require that a stockholder intending to offer his stock for sale shall first offer such stock to the corporation or to other stockholders in the corporation are construed applicable only to voluntary sales contemplated by the stockholder."

Also:

"They do not apply to transfers by operation of law in the absence of a specific provision making it so applicable."

In the case of In re Starbuck's Ex'x, 251 N.Y. 439, 167 N.E. 580, 65 A.L.R. 216, it was held that a statute providing that the directors of a corporation might refuse to consent to a transfer by a stockholder of his stock until his indebtedness to the corporation is paid did not authorize the directors to refuse to transfer the stock of a deceased stockholder to the executrix of his estate in her representative capacity, as it would be an unreasonable construction of such provision to permit the directors to refuse to consent to a transfer which has been effected by operation of law regardless of the will of the debtor stockholder.

In Stern v. Stern, 79 U.S.App.D.C. 340, 146 F.2d 870, it was held that the owner of stock could not be deprived of the right to dispose of it by will by a corporate bylaw which required that the stock should first be offered to the corporation, and then to its stockholders, before it would be transferred. The bylaw was construed by the court as meaning that the stockholder must make such offers before he voluntarily transferred his stock, not that he must make them before he died, at which time transmission or devolution of his shares was inevitable.

In Elson v. Security State Bank of Allerton, supra, 246 Iowa 601, 67 N.W.2d 525, a bylaw prohibited transfer of stock to any person not already a stockholder

if any stockholder offered to buy the shares at as high a price as any outsider had offered. It was held to be a reasonable regulation and valid as a general proposition but was inapplicable to transfers by operation of law, as when transmission or devolution of a deceased stockholder's share is inevitable.

In Wentworth v. Russell State Bank, 167 Kan. 246, 205 P.2d 972, 22 A.L.R.2d 1, where a very limited restriction on alienation or transfer of shares of stock had been adopted by a banking corporation, the court held that the general corporation statute did not authorize a bylaw or charter provision which would limit the right of existing stockholders to dispose of their shares by gift or bequest or to limit the right of inheritance. It was held where a registered owner of stock bequeathed his shares to a named legatee, and upon final settlement of the estate the probate court had ordered that the shares be delivered to the legatee and the corporation refused to make the transfer, the legatee could maintain an action to compel the transfer to be made.

On first impression the case of Boston Safe Deposit & Trust Co. v. North Attleborough Chapter, 330 Mass. 114, 111 N.E.2d 447, 448, seems to be to the contrary. But there is a difference. The charter of a corporation provided that no ."sale, pledge or transfer" of its stock "shall be valid" unless the stock had been first offered to the corporation at par and it had refused its "right of preemption at such price." The stock of a deceased person had, notwithstanding, been transferred to her executors, and they held it. The court ruled that the charter's terms were applicable to the executors. The condition was that no transfer should be "valid," and not as in the present and other cases cited that the company would not recognize a sale unless the condition was complied with. But the greater difference lies in the existence of a statutory law of Kentucky that title to stock passes to the personal representative of the deceased stockholder and the probate court shall order its transfer to the person

entitled to the stock upon a showing that provision has been made for the payment of inheritance and estate taxes. KRS 395.230.

■ Our conclusion is that the trial court should have entered judgment requiring the defendants to transfer the two shares of stock to Robert D. Taylor's administrator with will annexed unless and until he shall in the meantime obtain an order of distribution in accordance with KRS 395.230. We are of opinion, however, that the legatee, Mrs. Pauline Taylor Brittain, having become a stockholder may not have the transfer of the stock made on the records of the company to anyone without first having complied with the terms of the bylaw.

Judgment reversed.