490 P.2d 14

**In the Matter of the ESTATE of Andrew P. MARTIN, Deceased.**

**VALLEY NATIONAL BANK, Executor of the Estate of Andrew P. Martin, deceased, and Arizona Board of Regents, Appellants,**

v.

**Dorothy ARTHUR et al., Appellees.**

**No. 2 CA–CIV 962.**

Court of Appeals of Arizona,
Division 2.

Nov. 4, 1971.

Rehearing Denied Dec. 27, 1971.

Review Granted Jan. 25, 1972.

Johnson, Darrow, Hayes & Morales, by John G. Stompoly, Tucson, for appellant Valley National Bank.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellant Arizona Board of Regents.

Dunseath, Buchanan & Isaak by G. Eugene Isaak, Tucson, for appellees.

HATHAWAY, Judge.

This appeal brings up for review a probate court order directing distribution of part of the decedent's estate, namely certain shares of stock in the Martin Drug Company, to the blood descendants of the decedent. The appellants, executor of the decedent's estate and one beneficiary of the testamentary trust set up in the decedent's will, take the position that these shares of stock were part of the residuary estate which was bequeathed to a trustee named in the will for charitable purposes.

The decedent, Andrew P. Martin, died on January 27, 1969, and his will was admitted to probate on February 25th following. On August 25, 1969, the appellees, blood descendants of the decedent, filed a "Petition for Contest of Will, Specific Performance of Contract and Determination of Heirship." This petition alleged that the decedent's will violated the terms of the by-laws of the Martin Drug Company by bequeathing the drug company stock to other than blood descendants. The petitioners requested specific enforcement of the by-law restriction and that the court direct the executor to convey the stock to the petitioners, or, in the alternative, that the court declare that the decedent died intestate with respect to such shares of stock

and direct distribution to the petitioners by intestate succession.

Oral testimony and documentary evidence were presented to the court at a hearing duly held on the aforesaid petition. The court made no findings of fact nor conclusions of law but did, however, set forth in a minute entry the reasons for its ruling. The court concluded that it was the decedent's intent that the stock was to remain in his family and the property of his blood heirs. In coming to this conclusion, the minute entry reflects that the court considered the by-law restriction, certain letters written by the decedent and testimony as to conversations with him concerning the stock. The minute entry further recites:

"In the Court's opinion, by specifically refraining from giving away any portion of the stock or from even mentioning the Martin Drug Company stock in his Will, the deceased indicated his intent not to dispose of the stock by Will, thereby relying on its distribution to his blood heirs under the restrictive covenant of the By-laws and the laws of intestacy."

The decedent was one of the original incorporators in 1908 of the Martin Drug Company, a closely held family corporation. Article Thirteen of the corporate by-laws originally provided:

"No transfer of stock or interest in this Company, can be made except or unless it be transferred to one or all of the following persons, to wit: George Martin, Mary A. Martin, Andrew P. Martin, Delphina Martin, Stephana Martin or Louis Martin, they being all the present members of the Company, and that such transfer be sanctioned by the Board of Directors, and properly entered on the Minutes of the Board."

On February 4, 1963, at a stockholders' meeting at which the decedent was present, the foregoing Article was amended to read as follows:

"This corporation being a closed family one, no stock in the corporation may be issued, transferred, sold or hypothecated to any person who is not a blood descendant of its founders, namely, George Martin, Sr., and Delfina R. Martin, except on the specific approval of the Board of Directors as recorded in the corporation Minutes."

The decedent's will made no specific reference to the disposition of the subject shares of stock. Specific bequests were made to relatives, friends, and an employee and then the following appears:

"[I]t is my desire that after the distribution of the bequests to the named devisees as set forth in the preceding paragraphs of this, my LAST WILL AND TESTAMENT, that the balance of my estate be established in trust for the uses and purposes as herein set forth so that I may in some small measure perpetuate some of the goodness that I was so fortunate to share.

TWENTIETH: All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and description and wheresoever situate, including any and all lapsed bequests, I give, devise and bequeath to the VALLEY NATIONAL BANK OF ARIZONA, and to its successors, in TRUST, nevertheless for the charitable uses and purposes as hereinafter set forth."

■ What is the effect of the by-law restriction? Restrictions on the alienation or transfer of corporate stock are not looked upon with favor; they are sustained as valid provided they are authorized and reasonable. 8 W. Fletcher, Cyclopedia of Private Corporations § 4205 (perm.ed.rev. repl.1966); Annot., 61 A.L.R.2d 1318 (1958); Annot., 2 A.L.R.2d 745 (1948). However, such restrictive provisions are strictly construed. Casteel v. Gunning, 402 S.W.2d 529 (Tex.Civ.App.1966); 18 C.J.S. Corporations § 391a (1939); 18 Am.Jur.2d Corporations § 388 (1965).

■ The pivotal question is whether the by-law restriction on alienability applies to a testamentary disposition. The majority of courts which have considered this ques-

tion have answered it in the negative. Storer v. Ripley, 12 Misc.2d 662, 178 N.Y.S.2d 7 (1958); Elson v. Security State Bank of Allerton, 246 Iowa 601, 67 N.W.2d 525 (1955); Vogel v. Melish, 31 Ill.2d 620, 203 N.E.2d 411 (1965); Taylor's Adm'r. v. Taylor, 301 S.W.2d 579 (Ky.1957); Stern v. Stern, 79 U.S.App.D.C. 340, 146 F.2d 870 (1945); Globe Slicing Machine Co. v. Hasner, 333 F.2d 413 (2nd Cir. 1964), cert. den. 379 U.S. 969, 85 S.Ct. 666, 13 L.Ed.2d 562 (1965); but see contra, Colbert v. Hennessey, 351 Mass. 131, 217 N.E.2d 914 (1966). We hold that since there is no express restriction on testamentary disposition in the present case the rule of strict construction inhibits such restriction by implication.[1]

The trial court apparently concluded that the decedent did not intend to dispose of the subject shares of stock by will. However, in this jurisdiction we prefer construction of a will favoring testacy over intestacy. In re Estate of Jackson, 106 Ariz. 82, 471 P.2d 278 (1970); In re Conness' Estate, 73 Ariz. 216, 240 P.2d 176 (1952). The language of the decedent's will is clear and unequivocally manifests his intent to dispose of all of his property. The trial court improperly indulged in a construction leading to partial intestacy and looking beyond the terms of the will in search of a contravening intent. The shares of stock are part of the residuary estate to be disposed of in accordance with the terms of the decedent's will.

Order reversed.

KRUCKER, C. J., and J. RICHARD HANNAH, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge J. RICHARD HANNAH was called to sit in his stead and participate in the determination of this decision.

---

1. In view of our so holding, we need not pass upon the question of whether the by-law restriction meets the test of "reasonableness" since transfer is subject to the unrestrained discretion of the corporate directors. See 8 W. Fletcher Cyclopedia of Private Corporations § 4205 (perm.ed. rev.repl.1966); Petre v. Bruce, 157 Tenn. 131, 7 S.W.2d 43 (1928).