154 N.J. Super. 69 (1977)
380 A.2d 1175
THOMAS L. GLENN, JR. AND R. RONALD GLENN, EXECUTORS AND TRUSTEES OF THE LAST WILL AND TESTAMENT OF THOMAS L. GLENN, DECEASED, ET AL., PLAINTIFFS,
v.
SEAVIEW COUNTRY CLUB, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 1, 1977.
*70 Mr. Robert T. Lehman for plaintiffs (Messrs. Archer, Greiner & Read, attorneys).
Mr. Willis F. Flower for defendant (Messrs. Kirkman, Mulligan, Bell & Armstrong, attorneys).
GRUCCIO, J.S.C.
This is an action by representatives and/or beneficiaries of the estate of certain deceased stockholders of defendant corporation Seaview Country Club. *71 Plaintiffs seek an order compelling defendant to transfer those shares of stock registered in decedents' names either to the executors and/or trustee of the decedent's estate or the beneficiaries of the testamentary transfer of the stock made by decedents.
The certificates of stock in question were issued on April 18, 1942 subject to certain restrictions on transfer. The restriction is set forth in an addendum printed on the certificate which states:
This certificate can be sold, assigned, transferred pledged or otherwise disposed of, provided that the stockholder holding the certificate shall be first obliged to offer the stock represented by this certificate for sale to this company, and this company shall have the right and option to purchase the same before said stock is offered for sale to some third party by any stockholder of the company.
The restriction placed upon the certificate is not the same restriction contained in defendant's certificate of incorporation, as amended and filed on April 2, 1942. This amendment included a resolution of the board of directors, adopted January 18, 1942, and reads as follows:
Be it resolved that it is for the best interests of this company that the Certificate of Incorporation be amended so that the total and sole authorized stock of this company shall be 190 shares of par value of $500 each with the restriction that the stockholder holding said stock of this company shall be first obliged to offer said stock for sale to this company and this company shall have the first right and option to purchase the same before said stock is offered for sale to some third party by any stockholder of this company * * * [Emphasis supplied]
Plaintiffs submit that the amendment authorizes only restrictions on the sale of defendant's stock to some third party. It is plaintiffs' position that since the transfers involved here are testamentary in nature, not sales, these transfers are not within the scope of the restriction.
Defendant contends that the transfers are not governed by the N.J. Business Corporations Act, N.J.S.A. 14A:1-1 et *72 seq. because the restrictive agreement was placed upon the stock 27 years before the statute was enacted and the statute should not be given retrospective application. In Tully v. Mott Supermarkets, Inc., 337 F. Supp. 834 (D.N.J. 1972), the District Court applied the provisions of N.J.S.A. 14A:7-12 to a right of first refusal created by agreement three years prior to the enactment of the Business Corporations Act. At common law our courts were less amenable to restrictions on transfers than under the statute. See, e.g., Prindiville v. Johnson & Higgins, 92 N.J. Eq. 515 (Ch. 1921) aff'd 93 N.J. Eq. 425 (E. & A. 1921) (void as against public policy); Morris v. Hussong Dyeing Machine Co., 81 N.J. Eq. 256 (Ch. 1913) (unreasonable restrain upon alienation). The restriction upon transfer which defendants here assert is essentially a right of first refusal which has been upheld in this State as the first step in an agreement of sale. Baumohl v. Goldstein, 95 N.J. Eq. 597 (Ch. 1924).
I do not find it necessary to rule on the validity of the restriction or the applicability of the statute, for plaintiffs do not challenge the validity of the restriction; rather, they contend that it does not apply to the transfers involved in their situation. Plaintiffs are the executors and/or beneficiaries under the will of deceased stockholders in defendant corporation. It is plaintiffs' position that the restriction was not intended by the board of directors to include these testamentary transfers which plaintiffs wish to make in accordance with the wishes of the testators.
The language on the stock certificates indicate that any stockholder may sell, transfer, assign, pledge or otherwise dispose of his share, provided he offers it for sale to the corporation prior to offering it for sale to some third person. The language of the restriction is clear and its meaning is unambiguous. It does not use the broad term "transfer" to describe the stockholder's action which triggers the company's right of first refusal. Rather, the language refers to offering the share for sale. The same is true of the Amended certificate of incorporation which states that by resolution of the *73 board of directors the corporation has first right and option to purchase stockholder's shares "before said stock is offered for sale to some third party by any stockholder of this company." (Emphasis supplied). Additionally, the minutes of the board meeting held December 6, 1941 when the amendment to the certificate of incorporation was adopted indicate that the discussion regarding the stock restriction centered around a right of first refusal prior to the sale of a stock certificate.
In light of the fact that all the evidence before me reflects an intent by the corporation to restrict the sale of stock to third parties, it remains to be determined whether the testamentary transfer proposed here is within the scope of the term "sale" which appears on the stock certificates, the amended certificate of incorporation and the minutes of the board meeting as intended by the parties. It is clear to this court that the term "sale" is a narrower term than the term "transfer" and is included within that term. See Tully v. Mott Supermarkets, supra. The stock certificate itself lists "sale" as one of several terms to describe the disposition of the stock, i.e., the certificate may be "sold, assigned, transferred, pledged or otherwise disposed of. * * *" It is significant that of all the assorted terms chosen to describe the disposition of the stock, only the terms "offer * * * for sale" is included in the proviso which creates the right of first refusal.
I have found no case in this State which may assist me in the determination of the present issue. In Globe Slicing Machine v. Hasner, 333 F.2d 413 (1964), cert. den. 379 U.S. 969, 85 S.Ct. 666, 13 L.Ed.2d 562 (1965), the Court of Appeals for the Second Circuit was confronted with a similar situation. In that case the right of first refusal was triggered by any "sale or disposition" of the stock. The corporation asserted that the stockholder's attempt to devise his shares to his wife was within the scope of the restriction and sought to restrain the stock transfer by the deceased's personal representative to his widow. The court held that under New York *74 policy to narrowly construe first option restraints, the restriction did not apply to disposition by will. In order to restrict disposition by will, the court held that the restriction must be clear and specifically provide that it applies to such dispositions. See also, Stern v. Stern, 79 U.S. App. D.C. 340, 146 F.2d 870 (D.C. Cir.1945). Accord, In re Riggs, 36 Colo. App. 302, 540 P.2d 361 (Ct. App. 1975); In re Martin, 15 Ariz. App. 569, 490 P.2d 14 (Ct. App. 1971); Elson v. Security State Bank of Alleratin, 246 Iowa 601, 67 N.W.2d 525, (Sup. Ct. 1954); Vogel v. Melish, 31 Ill.2d 620, 203 N.E.2d 411 (Sup. Ct. 1964); Taylor's Adm'r v. Taylor, 301 S.W.2d 579 (Ky. Ct. App. 1957). See also, U.S. v. Adkins Phelps, Inc., 400 F.2d 737 (8 Cir.1968).
In light of the common law cases which view with disfavor restrictions on alienation and the present statutory provisions which permit restrictions only in compliance with the requirements of N.J.S.A. 14A:7-12, I determine that a similar rule is applicable in New Jersey. Any attempt to validly place a restriction upon the testamentary disposition of stock, the provision in the certificate of incorporation, bylaws or written agreement among shareholders which creates the right of first refusal or other restriction, must be couched in language which clearly and explicitly makes the restriction applicable to disposition by will. Only in this fashion will the provision stand a chance of survival to legal challenge.
In the present case the language consistently used in the creation of the restriction refers to sale to a third party. I am satisfied that the intent, wording and legal effect of the provision restricting the transfer of the Seaview stock make it applicable only when the stock is to be sold to a third party. I find that the right of first refusal does not apply to the testamentary transfers which plaintiffs here seek.
Accordingly, I order defendant Seaview Country Club to transfer the shares of stock on the books of the corporation in accordance with the direction of the wills of the deceased stockholders. Lockward v. Evans, 88 N.J. Eq. 530 (Ch. 1917), aff'd 88 N.J. Eq. 597 (E. & A. 1918).