LETTS, Judge.
This appeal, which under all the circumstances we treat as plenary, stems from a trial judge’s grant of a summary judgment which held, as a matter of law, that a “buy-sell” agreement between stockholders was inferior to a testamentary disposition by a stockholder. We reverse.
The facts involve a point of law hitherto, undecided in Florida although the problem has been addressed in many other jurisdictions. See 61 A.L.R.3d 1090. Simply stated, a majority of the courts have held that any restriction on the alienation of stock is to be strictly construed and testamentary disposition thereof will not be defeated in the absence of express language in a stockholders agreement specifically addressing the disposition of the stock upon death.
We have no quarrel with the statement of the law set forth in the preceding paragraph but cannot equate it to the facts of the case at bar because the instant stock *69 holders agreement does unquestionably contain language specifically addressing disposition upon death.
The pertinent part of the buy-sell agreement provides,
II.None of the stockholders shall sell, assign, or otherwise transfer or dispose of any or all of his corporate shares unless and until he has first offered the same to the Corporation which shall have thirty (30) days from the date of such offer in which to purchase such shares at a. price to be determined in the manner hereinafter set forth in Paragraph number IV. .
III. In the event of the death of any stockholder, nothing herein shall prevent the surviving spouse of such deceased stockholder from acquiring his interest in and to his corporate interest. In the event, however, that the surviving spouse is not entitled to the decedent’s interest in said stock, or in the event it becomes necessary for the personal representative of the decedent to dispose of said stock for the purpose of paying debts or making distribution, then in either event, said personal representative shall offer said stock first to the Corporation and thereafter to the surviving stockholders, all as set forth in Paragraph number II above.
IV. The price which the Corporation and the remaining stockholders shall be required to pay for shares of the deceased stockholder, or for the purchase of a stockholder’s interest as required under Paragraph . II above, shall be the price which is equal to the value of the shares being purchased as established by the books of the Corporation as at the close of business at the end of the last calendar month prior to the date of death. .
In the case now before us, it was the principal stockholder who died, without leaving any spouse him surviving.[1] By a will, executed 10 years prior to the stockholders’ agreement, said deceased principal stockholder had in the most general terms left his entire estate by residuary clause to his two surviving sons. It is these children who successfully claimed ownership of the stock, and the right to retain it, in the court below, while it is the remaining stockholders and long-time company executives who now appeal, claiming the right to buy up the stock under the terms of the stockholders agreement.
In short, it is the position of the children that the quoted provisions of the agreement affecting testamentary disposition are not applicable in this case because they do not explicitly address themselves to the situation when the stockholder has no spouse surviving, but instead merely address themselves to the outcome where a spouse does survive. Pursuant to this, the children conclude that since the agreement does not so expressly address itself, the majority rule first above stated should apply and the testamentary disposition prevail over the agreement. We do not agree.
It is true that the language of this buy-sell agreement is inartfully drawn. Nonetheless we cannot but conclude that the quoted language encompasses the event of a dead, bachelor stockholder and specifically addresses itself to disposition upon death. We agree that under the majority rule the quoted paragraph II by itself would not suffice to inhibit testamentary disposition. In Re Estate of Martin, 15 Ariz.App. 569, 490 P.2d 14 (1971), Stern v. Stern, 79 U.S.App.D.C. 340, 146 F.2d 870 (1945), Taylor’s Admr. v. Taylor, 301 S.W.2d 579 (Ky.App.1957), Storer v. Ripley, 12 Misc.2d 662, 178 N.Y.S.2d 7 (1958). However the agreement by overwhelming language in the additional paragraphs III and IV does so.
For example, because the opening sentence of paragraph III specifically states *70 that the buy-sell provisions shall not apply if a spouse does survive, it appears logical that the agreement would apply if a spouse did not survive. Such a deduction is further buttressed by the second sentence of paragraph III which sets forth an occasion upon which the buy-sell agreement would apply even when there is a surviving spouse.[2] To suppose from the quoted language of the three paragraphs that the agreement was never intended to apply to a deceased bachelor stockholder, as the appel-lees contend, makes no sense in the light of the employed wording. Accordingly, although we recognize that contract ambiguity should normally be resolved by the trier of the fact at trial, Bankers Insurance Service Corporation v. Southeastern Home Mortgage Company, 363 So.2d 401, (Fla. 4th DCA, 1978) we do not deem that the inartful wording here employed, rises to the level of ambiguity. To us the obvious intent of the three paragraphs taken together is quite clear and inhibits testamentary disposition.
Although not necessary to our conclusion, we would further point out that this deceased principal stockholder was not in fact married in 1974 when the stockholders’ agreement was signed (other than by possible common-law marriage, a claim now withdrawn. See footnote 1). Thus if we were to accept the childrens’ argument, the agreement would be a complete non sequi-tur as to their father at the moment of execution and his signature thereon a sham. Such a conclusion cannot, in good common sense, be supported. Moreover the attorney responsible for the quoted wording, on deposition testified that the agreement was drawn by him with the intent that it would apply to a deceased bachelor stockholder.
We therefore reverse and remand with instructions to the trial judge to enter summary judgment in favor of the appellants.
REVERSED AND REMANDED.
CROSS, J. and PAUL, MAURICE M., Associate Judge, concur.

. An issue that there was in fact a surviving common-law spouse is not deemed necessary of examination in this opinion because the attorney of record for the appellees stated at a hearing “That issue is out because she is withdrawing her claim to be the common-law wife by agreement with the boys.”

. We conclude this latter eventuality envisages such as a prenuptial agreement because under normal circumstances a spouse would have a dower interest, even if excluded from any will.