107  379
112  221

## Allen B. Wrisley Company v. Mathieson Alkali Works, for use, etc.

1. CONTRACTS—*Lack of Mutuality.*—Plaintiff made the following written memorandum:

" CHICAGO, July 18, 1898.

Sold Allen B. Wrisley Co., of Chicago, their consumption of caustic soda, the same to be from 1,500 to 2,500 drums during 1899, at $1.26 per lb. of 60° quality, delivered in Chicago.

Terms: 60 days or 1% off cash 10 days.

They to have option of using 600 to 900 drums of 78°, balance 74°, or all of 78° quality. Price guaranteed in this way: The Allen B. Wrisley Co. to be allowed to buy of lowest bidders, provided we do not care to meet lower prices offered them from time to time. Any quantity thus bought by them outside to apply to this contract.

Also, if they are obliged to buy caustic of high test outside of this contract, to take place of our 78°, from the fact that ours does not answer their purpose, we will guarantee them against loss should they have to pay higher prices than our contracts; or they may cancel from 600 to 900 drums 78° on this contract.

ARNOLD PECK & CO., Agts.,
MATHIESON ALKALI WKS.,
ALLEN B. WRISLEY CO.,
Per M. M. DRURY, Treas."

Defendant did not request the delivery of any caustic soda under said memorandum until May 3, 1899, when it sent the following telegram:

"ARNOLD PECK & CO.
        Prov.
Rush Wabash car seventy-eight caustic: follow telegraphic tracer; need urgent; just starting. Answer.

                                        ALLEN B. WRISLEY CO."

On December 15, 1899, it notified plaintiff that it would take the entire 2,500 drums mentioned in the memorandum.

*Held*, that the memorandum was not a contract, but only an offer; that the order of defendant of May 3, 1899, accepted by plaintiff, created a contract only for that then ordered; that the acceptance of the original offer of plaintiff on December 15, 1899, which was 1,090 drums more than had been already delivered, was not, under the circumstances, made in such reasonable time as to require plaintiff to comply with the order of December 15, 1899.

2.   SAME—*Offer Must be Accepted Within a Reasonable Time.*—Where an offer contains no statement as to the length of time for which it will continue, it is to be construed as open for a reasonable time only, and what under such circumstances is a reasonable time, depends upon the particular case and the circumstances surrounding it.

**Trespass on the Case,** on promises.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding.   Heard in the Branch Appellate Court at the March term, 1902.   Affirmed.   Opinion filed March 31, 1903.

This action was brought by appellee to recover $5,603.35, the stated price of 522 drums of caustic soda, which it had delivered during the months of November and December, 1899, to appellant.

The transactions between the parties had their origin in the following written memorandum, appellee being a manufacturer of caustic soda, and appellant a maker of soap, and having in its business use for much caustic soda.

                                        "CHICAGO, July 18, 1898.
Sold Allen B. Wrisley Co., of Chicago, their consumption of caustic soda, the same to be from 1,500 to 2,500 drums during 1899, at $1.26 per lb. of 60° quality, delivered in Chicago.

Terms:   60 days or 1% off cash 10 days.

They to have option of using 600 to 900 drums of 78°, balance 74°, or all of 78° quality, price guaranteed in this way:   The Allen B. Wrisley Co. to be allowed to buy of

lower bidders, provided we do not care to meet lower prices offered them from time to time. Any quantity thus bought by them outside to apply to this contract.

Also, if they are obliged to buy caustic of high test outside of this contract, to take place of our 78°, from the fact that ours does not answer their purpose, we will guarantee them against loss should they have to pay higher prices than our contract; or, they may cancel from 600 to 900 drums 78° on this contract.

MATHIESON ALKALI WKS.,
Arnold Peck & Co., Agts.
ALLEN B. WRISLEY CO.
Per M. M. Drury, Treas."

After the making of this, appellant's factory burned down, and had to be rebuilt; it did not request the delivery of any caustic soda under said memorandum until May 3, 1899, when it sent the following telegram :

" ARNOLD PECK & Co.,
    Prov.

Rush Wabash car seventy-eight caustic; follow telegraphic tracer; need urgent; just starting. Answer.

ALLEN B. WRISLEY CO."

To which the appellee replied by telegram of the same day.

" ALLEN B. WRISLEY CO. :

With orders in hand can not ship caustic for two weeks.

ARNOLD, HOFFMAN & CO."

From thenceforward until the close of the year 1899, in correspondence, appellant, from time to time, demanded the delivery of more caustic soda than it was getting; and appellee contended that it was delivering all that it was obliged to deliver according to the terms of said contract, and because of its great accumulation of orders and of its restricted output, all that it was possible for it to deliver. Caustic soda is packed and delivered in drums. A drum contains about 750 pounds. The standard of purity is sixty per cent quality, from which the price of the higher or lower grades is estimated at so much per 100 pounds.

During the year 1899 the ruling prices of caustic soda were from " $1.30 and $1.35 to $1.75 for 60 per cent." During the year 1899, appellee delivered the following :

| 1899. | 78 per cent. | 74 per cent. | Total. |
|---|---|---|---|
| May | 38 drums | None | 38 |
| June | 37 " | 80 drums | 117 |
| July | 94 " | | 94 |
| August | 50 " | 120 " | 170 |
| September | 208 " | 120 " | 328 |
| October | 172 " | 120 " | 292 |
| November | 106 " | 80 " | 186 |
| December | 176 " | 160 " | 336 |
| | 881 | 680 | 1,561 |

WICKETT, BRUCE & MEIER and SHERMAN M. BOOTH, JR., attorneys for appellant.

PECKHAM, BROWN & PACKARD, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The memorandum, dated July 18, 1898, was manifestly not a contract. It was but an offer on the part of appellee which might, or might not, be accepted by appellant. Appellant was not only at liberty to make no order whatever for caustic soda, but in no event was bound to order, or was appellee bound to supply more than appellant's consumption of such soda.

We do not understand appellant to seriously contend that this memorandum amounted to more than an offer. While it is insisted that the offer was accepted, and thereby became a contract upon the part of appellant to take from 1,500 to 2,500 drums during the year 1899 and an obligation upon the part of appellee to supply whatever was ordered up to 2,500 drums, that such offer, because of the absence of want of mutuality, does not constitute a contract, is established by Allen v. Rouse, Hazard & Co., 78 Ill. App. 69; American Refrigerator Transit Co. v. Chilton, 94 Ill. App. 6; Vogel v. Pekoc, 157 Ill. 339-343; American Cotton Oil Co. v. Kirk, 68 Fed. Rep. 791; C. & G. E. Ry. Co. v. Dane, 43 N. Y. 240; Bailey v. Austrian, 19 Minn. 535; Bishop on Contracts, Sec. 78; Harber Bros. v. Moffat Cycle Co., 151 Ill. 84; Sage v. Purcell Co., 90 Ill. App. 160.

The offer contains no statement as to the length of time for which it should continue. In the absence of such stipulation, an offer is to be construed as open for a reasonable time only. What, under such circumstances, is a reasonable time depends upon the particular case and the circumstances surrounding it. Bishop on Contracts, Sec. 327.

There was no acceptance of this offer until nearly ten months after it was made, and not until more than four months of the year had elapsed, during which caustic soda for the consumption of appellant, was to be supplied by appellee. Whether such acceptance was within a reasonable time is not now open to consideration, as appellee accepted the first order of May 3, 1899, and thereafter other orders by appellant.

Upon the trial it was stipulated by the parties " that the plaintiff, Mathieson Alkali Works, in July, 1898, understood and expected that the anticipated consumption of caustic soda by the defendant company for the year 1899 was to be from 1,500 to 2,500 drums, and that such consumption was to be continuous and spread throughout the year in fairly equal quantities." As appellee was to supply caustic soda for consumption by appellant and not for sale, appellant is fairly to be presumed to have understood that appellee expected that appellant's consumption would be continuous and spread throughout the year in fairly equal quantities. The unexpected destruction by fire of appellant's works did not change the obligation of the parties to each other. When the first day of May, 1899, had passed without any order for soda having been made by appellant, it was not then entitled to demand the following May 3d of that year that appellee should supply the entire 2,500 drums, which ten months before it had offered to furnish during the year 1899, such supply to be continuous and spread throughout the year 1899 in fairly equal quantities. Nor did appellant in its first order of May 3, 1899, notify appellee that it would expect that 2,500 drums should be supplied during the remaining eight months of the year. The order of appellant of May 3, 1899, accepted

as it was by appellee, created a contract only for that then ordered, namely, one car of caustic soda, quality 78°.

Appellant was then under no obligation to consume during the year 1899, more than the one car of soda ordered May 3d. Thereafter, from time to time, it made other orders, but not until December 15, 1899, did it notify appellee that it would take the entire 2,500 drums mentioned in the memorandum. Up to that time it was at liberty to consume as little as it saw fit of caustic soda, and therefore was bound to receive and pay for only such quantity as it ordered.

August 11, 1899, appellee wrote to appellant that the maximum amount that it was obliged to furnish under the contract was 208 drums per month or 2,500 drums per year. To this, August 15, 1899, appellant replied, saying that there was nothing in the contract about any specific number of drums to be demanded in any particular month and followed this by the statement:

" On account of the immense number of orders now on our books, we shall unquestionably use almost our entire contract for the year, if, in fact, we do not exhaust it entirely."

To this, August 21st, appellee replied:

" Our contract with you for caustic soda covers your consumption over the year 1899, and as we expect to live up to the spirit of this contract, we expect to deliver you your actual consumption for the remainder of the year, and no more. The fact that you were burned out and used no caustic soda for the first four months of the year, of course cancels that part of your contract, and as you estimated your total consumption from 1,500 to 2,500 drums for the year, we expect, of course, that your consumption for the eight months during which you take deliveries to be at this rate."

September 5, 1899, appellee wrote:

" We do not see how you can expect us to deliver you five cars of 78° caustic soda by the 15th of September. You must not ask, nor expect unreasonable things, as this quantity would be far more than your consumption, if you took the proportion of your contract."

Allen B. Wrisley Co. v. Mathieson Alkali Works.

September 9, 1899, appellant wrote :

" As we notified you some time ago, we expect to consume about 2,000 drums, and in this we mean just exactly what we say. We expect that this is the amount that we shall require for our actual consumption."

The letter of appellant of September 9th, was a notification that it expected to use 2,000 drums, but was not an order for such quantity, nor anything upon which appellee could have tendered such quantity and required appellant to pay for the same, without showing that appellant had consumed that quantity.

As before stated, the letter of appellant, dated December 15, 1899, was the first notification appellee had that appellant would take 2,500 drums. This notification of its decision to take 2,500 drums contained no statement that it would or could consume that quantity during the year 1899, nor was there upon the trial below, any offer to prove that during the year 1899, it would or could have consumed 2,500 drums, or during the sixteen days of the year 1899 remaining, after the statement of December 15th, that it would or could have consumed more than the seventy-one drums, apparently received by it subsequent to December 15th.

Between May 3 and December 23, 1899, appellee delivered to appellant 1,561 drums of caustic soda. We do not regard the letter of appellant, dated December 15, 1899, that it had decided to take the full amount of 2,500 drums as per contract, being at that time 1,090 drums more than had then been delivered, and 949 drums more than the total deliveries, as, under the circumstances, made in such reasonable time as to require appellee to comply with the order of December 15th.

Appellant urges that it was not required to introduce evidence showing this consumption of soda during the year 1899, because the court refused to allow in evidence the contract under which it claimed this set-off. Standing by itself, the contract showed no right of set-off. Appellant might have offered to show that it required for consumption

during the year 1899 more than the 1,561 drums of soda furnished it by appellee. Appellant appears to have proceeded upon the theory that it was entitled to receive 2,500 drums for consumption or sale as it saw fit.

Appellant did not establish a right to any set-off.

The judgment of the Superior Court is affirmed.