FRANCIS SNEED et al., Plaintiffs-Appellees, v. SILVIS HEIGHTS WATER CORPORATION, Defendant-Appellant.—(GEORGE M. BARLOW, Adm'r of the Estate of E. May Winebeck, Defendant.)

Third District   No. 79-517

Opinion filed March 26, 1980.

Graham J. Lee and Tom M. Lytton, both of East Moline, for appellant.

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the defendant Silvis Heights Water Corporation from the judgment of the Circuit Court of Rock Island County in favor of Francis and Dorothy Sneed, in a declaratory action filed by the Sneeds. The action was filed against Silvis Heights Water Corporation and the administrator of the estate of E. May Winebeck. The declaratory action was brought to determine the rights of the parties in three shares of Silvis Heights Water Corporation stock held by the administrator of the estate of E. May Winebeck. The court found for the Sneeds and directed that the shares be sold to them. The defendant water corporation appeals, arguing that it exercised its option to purchase the shares within the required 15 days from when it received notice.

The record reveals that at the time of her death, E. May Winebeck owned three shares of stock in the Silvis Heights Water Corporation. Each share contained the following provision in restraint of transfer.

> "This stock is not transferable unless it is first offered for sale to the Corporation at a price that a willing purchaser would pay for the stock at the time of the offer. In no event shall the price be less than the Book Value of the stock. The corporation shall have 15 days from the date of said offer to accept same. If the Corporation, under the Statute of this State, is not authorized and permitted at the time of the offer to purchase its own shares, then in that event the stock is to be first offered for sale to the other stockholders of the Corporation in proportion to their existing holdings, at a price that a willing purchaser would pay for the stock at the time of the offer. In no event shall the price be less than the Book Value of the Stock. Such shareholders shall have 15 days from the date of said offer to accept same. The above provisions shall not apply where upon the death of a stockholder a stock transfer is sought by virtue of the decedent's will or Inheritance Laws."

The administrator of the estate of Mrs. Winebeck desired to sell the shares of stock in his settlement of the estate. Plaintiffs Francis and Dorothy Sneed offered the estate $300 per share on May 30, 1978. The Sneeds are both stockholders in the Silvis Heights Water Corporation. Mr. Sneed is

also a director of the corporation. On May 18 Marvin Schrager, the attorney for the Winebeck estate, had written to Graham Lee, an attorney whose firm had handled stock redemptions for the corporation in the past, and who was deemed by Schrager to be the corporation's attorney. That letter informed Lee that the shares were owned by the Winebeck estate and forwarded the stock certificates to Lee for transfer to the water corporation. The May 18 letter closed with the following paragraph:

> "Would you please deliver these to corporate officers and obtain a check payable to George M. Barlow, representative of the estate of E. May Winebeck to redeem said stock. Should you have any questions or need any additional information, please advise."

No response came from attorney Lee concerning the stock prior to the Sneeds' $300 per share offer of May 30, 1978. Then, on July 11, 1978, Schrager, as attorney for the estate, again wrote to Graham Lee, informing him of the written bid and forwarding a copy thereof. The letter stated:

> "Also, with regard to the 3 shares of Silvis Heights Water Corporation stock, you were advised that I have a written bid for said stock, copy of said bid being attached. You advised that you would talk to Mr. Ostrom and get back to me.

> I would appreciate hearing from you as soon as possible as Mr. Barlow who is representing the estate, would like to get this matter concluded."

On July 28, 1978, Lee informed Mr. Ostrom, president of the corporation, that an offer had been made by other persons to purchase the stock. At the next meeting of the corporation's board, held August 10, 1978, the board voted to redeem the shares as they had in the past. On August 11, 1978, Graham Lee sent a letter to Marvin Schrager, enclosed in which was Lee's trust check for $900, which represented the value of the shares the corporation wished to redeem. A week later, Schrager, as attorney for the estate, wrote letters to Lee, as counsel for the water corporation, and to the Sneeds' attorney, informing both attorneys that the two offers had been made and that he was not going to do anything further with regard to the sale until the contesting parties could agree on a resolution of the matter or until a court ordered a disposition. Thereafter, on November 1, 1978, the Sneeds filed their declaratory judgment action seeking a judicial determination on the stock restrictions and a determination of the parties' rights with respect to the stock. The administrator of the estate, a defendant along with Silvis Heights Water Corporation, answered, and he requested the court to determine which of the parties had rights to the stock and informed the court that he would abide by the court determination.

In the declaratory action, the Sneeds took the position that the

corporation's option to purchase did not apply in the instant case, since the stocks were being transferred as part of the settlement of Mrs. Winebeck's estate. Alternately, they argued that the corporation had failed to accept the offer to sell within the required 15-day period. The Sneeds argued that the July 11, 1978, letter from Schrager to Lee constituted an offer and that the response of August 11 was several weeks beyond the specified period for acceptance. Silvis Heights Water Corporation argued for the validity and applicability of the restraint on transfer contained in the stock certificates. Additionally, they took the position that Mr. Lee was not an attorney for the water corporation such that the notice of the offer to him would bind them. The evidence indicated that the corporation had used several lawyers and that Mr. Lee was not on a retainer as attorney for the corporation. The evidence also indicated, however, that the firm of Lee and Lee had handled similar stock redemptions in the past for the corporation, as well as other matters. The corporation contended that it first received notice of the offer on July 28, when Lee informed its president of the offer, and that it did respond within 15 days of that date, forwarding a check on August 11, 1978.

The trial court, in a letter memorandum to the parties, indicated there was some question as to the applicability of the restraint of transfer where the shares are being sold by the administrator of an estate. The court also found, in the letter and in its order, that the corporation failed to comply with the requirement that it accept the offer within 15 days. The court entered judgment for the Sneeds and directed the administrator of the Winebeck estate to transfer the three shares to them.

Defendant Silvis Heights Water Corporation, on this appeal, argues that Graham Lee was not an agent for the water corporation at the time of the May and July correspondence in which the offer was conveyed. It also argues, consistent therewith, that the first notice to the corporation was on July 28, 1978, and that their acceptance came within the 15-day period referred to in the certificates. It asserts error in the court's findings to the contrary. Another error is asserted in the court's failure to allow the corporation to submit a competitive bid, after it had determined that the first acceptance was invalid.

It is useful to examine, initially, the language restricting transfer that is found in the stock certificates, specifically the provision applying to estates of persons holding stock. The stock certificates, after setting forth the corporation's right to redeem stock within 15 days from the date of the offer to sell is made, close with the following sentence:

"The above provisions shall not apply where upon the death of a stockholder a stock transfer is sought by virtue of the decedent's will or Inheritance Laws."

In the instant case, the stock transfer was sought by the administrator of

the estate of E. May Winebeck, an administrator appointed under and acting by virtue of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, pars. 9—2, 19—1). We find that by their terms, the stock certificates did not require that the water corporation be given the redemption option specified. The clear intendment of the provision above quoted is to remove the restraint on transfer when such transfer is sought by a representative of an estate owning such stock. Thus, when an executor of an estate owning such stock, acting under a specific will provision or in the course of administration of an estate, seeks to transfer the stock in the settlement of the estate, the restriction by its terms does not apply. Similarly, when an administrator of an estate (operating under inheritance laws) seeks to transfer such stock in the settlement of the estate, the restriction by its terms does not apply. Use of the phrase "inheritance laws" in conjunction with the reference to a decedent owner's "will" clearly is an attempt to cover both the intestate, as well as testate, situation. The principal way that a transfer would be sought "by virtue of" the inheritance laws is as was done in this case, whereby an administrator of the estate of a decedent owner attempts to sell the stock in settling the estate. Our construction of the language is consistent with the established rule that restraints on alienation are to be strictly construed. (*Vogel v. Melish* (1964), 31 Ill. 2d 620, 203 N.E.2d 411.) The stock restriction in favor of the corporation did not apply in the instant case, as the transfer was sought in the settlement of an estate. Therefore, the estate was free to transfer the shares to whom it chose, so long as the transfer was an otherwise valid and proper one.

While our construction of the restrictive language of the stock certificates effectively disposes of the appeal, some comment is appropriate on the question of agency raised by the appellant water corporation and its appellate attorney, Graham Lee. Whether an agency relationship existed between Graham Lee and the Silvis Heights Water Corporation with regard to this transaction was a question of fact for the circuit court to determine. The evidence showed that the attorney for the estate had contacted Lee in May 1978 concerning the corporation's redemption of the Winebeck stock. In his letter to Lee, Schrager addressed him as the attorney for the water corporation. Lee never denied, until much later, that he was the attorney for the water corporation so far as stock redemptions were concerned. In fact, Lee's subsequent actions were consistent with a finding that he was acting as the corporation's attorney. Lee did inform the President of the water corporation of the offer, although, as it turns out, belatedly. Also, after the corporation had decided to redeem the shares, it was Graham Lee who, on August 11 and on behalf of the corporation, sent his trust check to Schrager as payment for the corporation's redemption of the stock. It must also be noted

that the firm of Lee and Lee, attorneys, had handled the water corporation's stock redemptions in the past. We conclude that there was sufficient evidence for the court to have found an existing agency relationship as of July 11, 1978. Thus, notice to Lee, as attorney for the corporation, on that date, was notice to the corporation and it had 15 days from that date in which to respond. The response by the corporation, through Graham Lee, did not come until August 11, 1978. Thus, the corporation would have lost its option to redeem because of the late acceptance, even if it had such an option (which we have concluded, as heretofore noted, that they did not) since it was not accepted within 15 days of the date of the offer.

We find no error in the trial court's direction to the estate to transfer the shares of stock to the Sneeds. The administrator of the estate had appeared in court and requested that the court direct him as to which of the parties he could sell the stock. The court's order was consistent with his request and with the request of the plaintiffs in the declaratory complaint. The corporation had shown no right to have been permitted to submit a second bid which it sought, nor any obligation on the part of the estate to make the bidding competitive.

Accordingly, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.